USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-6-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROFESSIONAL MERCHANT ADVANCE CAPITAL, LLC,

    Plaintiff,

-v-

C CARE SERVICES, LLC., *et al.*,

    Defendants.

No. 13-cv-6562 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

On July 18, 2014, the Court allowed Defendants' counsel to submit a motion to withdraw and ordered Plaintiff and Defendants to respond to the motion no later than August 1, 2014. (Doc. No. 1.) Now before the Court is Defendants' counsel's motion to withdraw, as well as a memorandum and an affidavit in support of the motion. (Doc. Nos. 42–44.) Neither Plaintiff nor Defendants have submitted any opposition to the motion.

Under Local Rule 1.4,

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

Local Civil Rule 1.4. Here, Defendants' counsel has submitted an affidavit indicating that Defendants have persistently failed to pay counsel's legal fees. (Doc. No. 44 ¶¶ 13–20.) "Courts have long recognized that a clients continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal" of counsel under Local Civil Rule 1.4. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (collecting cases). Consequently,

"[n]umerous courts have permitted attorneys to withdraw when clients deliberately disregard fee agreements." *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (collecting cases). Further, withdrawal is permissible under New York's Rules of Professional Conduct where "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Rules Prof'l Conduct R. 1.16(c)(5); *accord* Model Rules of Prof'l Conduct R. 1.16(b)(5); *see also Hakim v. Leonhardt*, 126 F. App'x 25, 26 (2d Cir. 2005) ("Codes of Professional Conduct, such as [state] Rules of Professional Conduct and the Model Code, guide our assessment of whether 'good cause' to withdraw exists."). The Court therefore determines that Defendant's counsel has shown a satisfactory reason for withdrawal.

In deciding a motion to withdraw as counsel, courts also "consider[] whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (internal quotation marks omitted). Here, no motions are currently pending, and two months of discovery remain. (*See* Doc. No. 38 (extending the close of discovery to September 25, 2014).) Moreover, the Court has denied a motion to stay discovery and has informed the parties that the individual Defendant may proceed pro se and that the corporate Defendants risk entry of a default judgment if they do not find new counsel. (Doc. No. 41.) Finally, as noted above, neither Plaintiffs nor Defendants oppose counsel's motion to withdraw. The Court therefore determines that allowing for withdrawal of Defendants' counsel will not unduly disrupt the prosecution of the suit. *See Police Officers For A Proper Promotional Process v. Port Auth. of N.Y. & N.J.*, No. 11-cv7478 (LTS) (JCF), 2012 WL 4841849, at *2 (S.D.N.Y. Oct. 10, 2012) (finding no undue delay from withdrawal of counsel where "fact discovery has yet to be completed, no depositions have taken place, and no trial date has been scheduled").

2

Accordingly, IT IS HEREBY ORDERED THAT the motion is withdraw as counsel is GRANTED. IT IS FURTHER ORDERED THAT all entity Defendants must obtain new counsel no later than August 22, 2014. IT IS FURTHER ORDERED THAT, if any entity Defendants have not obtained new counsel by August 22, 2014, Plaintiff shall seek entry of default judgment against those Defendants no later than September 5, 2014. IT IS FURTHER ORDERED THAT the individual Defendant shall obtain new counsel or enter an appearance pro se no later than August 22, 2014. IT IS FURTHER ORDERED THAT the individual Defendant, if she proceeds pro se, must comply with the Federal Rules of Civil Procedure relating to discovery and the discovery deadlines set by the Court. IT IS FURTHER ORDERED THAT Defendants' counsel shall serve this Order upon Defendants no later than August 8, 2014 and shall file a certificate of service on ECF indicating that this service was effectuated. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 42.

SO ORDERED.

Dated:  August 5, 2014
        New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE